IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO WESTERN
DIVISION

| | |
|---|---|
| Joseph Cotterman,<br><br>   Plaintiff,<br><br> vs.<br><br>Shelby County, et al.,<br><br>   Defendants. | Case No. 3:18-cv-00177<br><br>Judge Walter H. Rice<br><br>Magistrate Judge Michael J. Newman |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ordered:

1. **Scope.** All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other material that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to federal and state public-records laws, and to the Local Rules for the United States District Court, Southern District of Ohio, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and timing of designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing the words "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere

with the legibility of the document and that will permit complete removal of the CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER designation. Ordinarily, documents should be designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER before or at the time of production or disclosure of the documents. The parties, however, may agree to retroactive designations of documents already produced (e.g., in a party's initial disclosures), and any party may retroactively designate any document(s) otherwise eligible for the designation. The designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. It does not, for example, exempt any document from the coverage of any state or federal public-records law.

**3.     Documents that may be designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER upon making, or if able to make, a good-faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records that are publicly available may not be designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

**4.     Depositions.** Deposition testimony shall be deemed CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any portions so designated shall be protected as CONFIDENTIAL—SUBJECT TO PROTECTIVE

ORDER, pending objection, under the terms of this Order.

5. **Protection of confidential material.**

   **a. General protections.** Documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal(s).

   **b. Limited third-party disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)-(v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER:

   i. **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

   ii. **Parties.** Parties to this action and employees of a party who are assisting in the preparation and trial of this action;

   iii. **Court reporters and recorders.** Court reporters and recorders engaged for depositions;

   iv. **Consultants, investigators, and experts.** Consultants, investigators, and experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in

Attachment A (Acknowledgement of Understanding and Agreement to be Bound); and

**v. Others by consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A (Acknowledgement of Understanding and Agreement to be Bound).

**c. Control of documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL under the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeal(s).

**d. Copies.** Before production to another party, all copies, electronic images, duplicated, extracts, summaries, or descriptions (collectively "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies so marked shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information

contained in those documents.

**e. Inadvertent production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502. Inadvertent production of any privileged document or information will not operate as a waiver of any applicable privilege or work-product protection.

    **i.** Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

    **ii.** To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its unintentional production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

  **iii.** The receiving party shall have 10 days from receipt of notification of the unintentional production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

  **iv.** The producing party will then have 10 days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Any party may request expedited treatment of any request for the Court's determination of the claim.

  **v.** Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

  **vi.** Upon a determination by the Court that the specified information is not protected by the applicable privilege, the producing party shall bear the costs of placing the information into any programs or databases from which it was removed or destroyed and render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

**6.**   **Filing of CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents under seal.** Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed with the Court under seal without prior permission

from the Court as to each document, upon motion and upon demonstrating "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal [requested] is no broader than necessary[.]" *Shane Group*, 825 F.3d at 306. Parties granted leave to file material under seal, or parties seeking an in camera inspection of materials by the Court, shall comply with all applicable provisions of the Southern District of Ohio Local Rules. This Stipulated Protective Order does not, in and of itself, authorize filing any materials under seal and any provisions in this Stipulated Protective Order to the contrary are hereby stricken. Parties intending to file any information designated as Confidential under this Order shall confer with all counsel sufficiently in advance of filing so as not to delay any deadlines set by the Court.

**7.** **Challenges by a party to a designation as confidential.** Any CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object ("party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good-faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**8.** **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.2. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate regarding the use and disclosure of any documents produced or used in discovery or at trial.

**9.     Use of confidential documents or information at trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents or information derived from such documents, such party shall provide advance notice to the other party at least five days before trial begins by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents or information. The Court may then make such orders as are necessary to govern the use of such documents or information at trial.

**10.     Obligations on conclusion of litigation.**

    **a.     Order remains in effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **b.     Return of CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents.** Within 30 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to the disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certified to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney

work product, including an index that refers or relates to information designation CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents.

    **c.** **Return of documents filed under seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.** **Order subject to modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**12.** **No prior judicial determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection until such time as the Court may rule on a specific document or issue.

**13.** **Persons bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**14.** **Court retains jurisdiction**. The Court shall maintain jurisdiction to enforce this Stipulated Protective Order even following the final termination of this action. All persons

receiving or given access to confidential materials in accordance with the terms of this Stipulated Protective Order consent to such continuing jurisdiction for the purposes of enforcing this Stipulated Protective Order and remedying any violations thereof.

**IT IS SO ORDERED.**

Date: February 4, 2019         s/ Michael J. Newman
                               Michael J. Newman
                               United States Magistrate Judge