FILED
COURT OF APPEALS
JUN 12 2018
SHELBY COUNTY, OH

**IN THE COURT OF APPEALS OF OHIO**
**THIRD APPELLATE DISTRICT**
**SHELBY COUNTY**

---

**STATE OF OHIO,**

**PLAINTIFF-APPELLEE,**

**CASE NO. 17-17-12**

**v.**

**DEAN A. KIMPEL,**

**OPINION**

**DEFENDANT-APPELLANT.**

---

**Appeal from Shelby County Common Pleas Court**
**Trial Court No. 11CR000274**

**Judgment Affirmed**

**Date of Decision: June 11, 2018**

---

**APPEARANCES:**

***Jeremy M. Tomb* for Appellant**

***Aaron D. Lowe* for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Dean A. Kimpel ("Kimpel") appeals the judgment of the Shelby County Court of Common Pleas for (1) denying his motion to withdraw his guilty plea; (2) considering statements that were inadmissible; and (3) considering charges that were without merit. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} During his time as Shelby County Sheriff, Kimpel hired Jodi Van Fossen ("Van Fossen") as a detective in 2010. Tr. 8. On July 24, 2010, Van Fossen had a sexual encounter with Kimpel at her home in Auglaize County. Ex. 2. Several days after this encounter, Kimpel removed Van Fossen from her position on the drug task force. Ex. 2, F. On August 10, 2010, Van Fossen informed her supervisor that she had been sexually harassed and sexually assaulted by Kimpel in the lead up to her removal from the drug task force. Ex. 2, F. She also reported that Kimpel had performed an Ohio Law Enforcement Gateway ("OHLEG") search of her personal information. Ex. F.

{¶3} On August 31, 2010, Captain Chris Barbuto ("Barbuto") of the Licking County Sheriff's Office was assigned to conduct the internal affairs investigation of Van Fossen's allegations of sexual harassment. Tr. 241. Prior to conducting an interview with Kimpel, Barbuto issued Kimpel a *Garrity* warning. Tr. 247-248. Ex.

15. In the subsequent interview, Kimpel admitted that he looked up Van Fossen's address on OHLEG for the purpose of sending her flowers. Tr. 244-245. Ex. F.

{¶4} Van Fossen initially indicated to the prosecutors involved in the investigation that she was unwilling to initiate a criminal proceeding against Kimpel. Ex. 1. However, Van Fossen subsequently decided to file a complaint with the Auglaize County Sheriff's Office on January 31, 2011. Doc. 1. The complaint alleged that she was incapacitated at the time of her sexual encounter with Kimpel on July 24, 2010, and that she, therefore, had been a victim of sexual battery. Ex. 3. Pursuant to this complaint, Auglaize County initiated an investigation. Ex. 11. The evidence gathered from this investigation was turned over to the Ohio Bureau of Criminal Investigation ("BCI"). Ex. 11.

{¶5} On September 21, 2011, Kimpel was charged in Auglaize County with one count of sexual battery in violation of R.C. 2907.03. On September 29, 2011, Kimpel was charged in Shelby County with five counts of unauthorized use of OHLEG in violation of R.C. 2913.04(D). Doc. 1. Kimpel then submitted discovery requests in Auglaize County and Shelby County. Doc. 16, 32. In response, the special prosecutor sent Kimpel a discovery packet that contained the materials produced in the course of the relevant investigations. Ex. 12. However, this packet did not include the contents of the Auglaize County investigation. Ex. 11, 12. Tr. 107.

{¶6} On April 9, 2012, Kimpel filed a motion to dismiss the OHLEG charges with the trial court. Doc. 52. This motion argued that R.C. 2913.04(D) was void for vagueness and, therefore, unconstitutional. Doc. 53. Ex. C. As part of a joint plea agreement, however, Kimpel agreed to plead guilty to one charge of unauthorized use of OHLEG in violation of R.C. 2913.04(D). As a part of this plea agreement, the Auglaize County prosecutor agreed to enter a nolle prosequi as to the sexual battery charge pending in the Auglaize County Court of Common Pleas, and the special prosecutor agreed to dismiss four charges of unauthorized use of OHLEG out of the five OHLEG violations pending in the Shelby County Court of Common Pleas and amend the remaining OHLEG violation to a charge of unauthorized use of a computer in violation of R.C. 2913.04(B). Doc. 60. At a hearing on April 13, 2012, Kimpel withdrew his previously filed motion to dismiss and pled guilty to one charge of unauthorized use of a computer in violation of R.C. 2913.04(B). Doc. 57, 60. The trial court allowed Kimpel to withdraw his motion to dismiss, accepted his guilty plea, and sentenced Kimpel on June 15, 2012. Doc. 60, 64.

{¶7} In the summer of 2015, Kimpel came across an article that reported the sexual battery charges against him had been dropped because Van Fossen refused to testify. Tr. 188. Subsequently, Kimpel filed a document request with the Ohio Attorney General's Office. Tr. 192. On August 12, 2015, he received a copy of the Auglaize County investigative report. Tr. 192. On October 17, 2016, Kimpel filed

a motion to withdraw his prior plea of guilty in Shelby County. Doc. 86. A hearing was held on this motion on May 12, 2017. Doc. 161. At the hearing on his motion to withdraw, Kimpel claimed that this report showed inconsistencies in Van Fossen's stories. Tr. 198. He further claimed that he would not have pled guilty if he had received the contents of the Auglaize County investigation. Tr. 195.

**{¶8}** Kimpel's trial attorney, Michael A. Rumer ("Rumer"), also testified after he had reviewed the Auglaize County report in preparation for the hearing on this motion. Tr. 103. Rumer testified that the Licking County internal affairs report made him "aware of all of the content of the [Auglaize County] report." Tr. 119. Rumer also said that he found the accounts in the Auglaize County report to be substantially consistent with the other interviews he had in his possession through discovery, though he noted "there are nuances in each [of Van Fossen's] interview[s]." Tr. 121.

**{¶9}** In addition to the materials before the trial court, Rumer noted that he also had the benefit of having Kimpel's side of the story and "the entire insurance company defense discovery file on the civil case that Van Fossen had filed." Tr. 145. At the end of his testimony, Rumer stated that the Auglaize County report would not have changed the legal advice he gave to Kimpel. Tr. 153. He explained that he advised Kimpel to plead guilty so that the sexual battery charge would be dismissed. Rumer testified, however, that he was not concerned about the factual

strength of the State's case. Tr. 130. Rather, he was primarily concerned about the political risks of Kimpel standing trial for sexual battery. Tr. 130.

**{¶10}** During the hearing, Kimpel's counsel challenged the admission of statements Kimpel had made during the internal affairs investigation, arguing that these statements could not be used in a criminal proceeding under *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). Tr. 242, 248. The trial court determined that the statements Kimpel made in the course of the internal affairs investigation were inadmissible. Tr. 295. However, in its judgment entry on Kimpel's motion to withdraw, the trial court referenced one of Kimpel's statements in which he admitted to using OHLEG improperly. Doc. 168. On July 27, 2017, the trial court denied Kimpel's motion to withdraw, finding that no *Brady* violation had occurred. Doc. 168.

**{¶11}** Appellant filed notice of appeal on August 15, 2017. Doc. 165. On appeal, Kimpel raises the following assignments of error:

**First Assignment of Error**

> **The trial court abused its discretion in denying defendant's motion to withdraw guilty plea for the reason that the state failed to disclose evidence material to his defense.**

**Second Assignment of Error**

> **The trial court abused its discretion in considering defendant's statements [in] the Licking County report after it found that these statements were not admissible.**

**Third Assignment of Error**

> **The trial court abused its discretion when it considered the charges against defendant and seemingly found merit in them even though, in addition to the evidence withheld regarding the Auglaize County case, the charges in the Shelby County case were without merit.**

We will consider the first and third assignments of error prior to consideration of the second assignment of error.

*First Assignment of Error*

**{¶12}** In his first assignment of error, Kimpel argues that the failure of the prosecution to disclose the contents of the Auglaize County investigation was a *Brady* violation that amounts to a manifest miscarriage of justice. For this reason, he asserts that the trial court erred in denying his motion to withdraw his guilty plea.

Legal Standard

**{¶13}** "[A] counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case * * *." *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, paragraph one of the syllabus. By pleading guilty, a defendant "forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). "Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *Id.*,

quoting *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed. 2d 747 (1970). However,

> **the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor.**

*Ruiz* at 630.

**{¶14}** In *Brady v. Maryland*, the United States Supreme Court held that a defendant is denied due process when the prosecution fails, upon the request of the Defense, to disclose material evidence that is favorable to the accused. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Evidence is material

> **only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.**

*United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Since a defendant must have "a sufficient awareness of relevant circumstances and likely consequences," a *Brady* violation may affect the validity of a guilty plea. *Ruiz* at 629.

**{¶15}** However, "[t]he *Brady* rule exists principally to protect a criminal defendant's right to a fair trial." *State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, ¶ 24, citing *Bagley* at 675-676.

> **[I]mpeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware'). Of course, the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be. But the Constitution does not require the prosecutor to share all useful information with the defendant.**

(Emphasis sic). *Ruiz* at 629, citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). For this reason, "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Ruiz* at 633.

**{¶16}** A defendant may make a motion to withdraw a guilty plea pursuant to Crim.R. 32.1, which reads as follows:

> **[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.**

Crim.R. 32.1. The defendant bears the burden of establishing the presence of a manifest injustice. *State v. Howard*, 3d Dist. Logan Nos. 8-17-02 and 8-17-09, 2017-Ohio-8020, ¶ 43. A manifest injustice is "a clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 207, 699 N.E.2d 83 (1998). "[A] postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been

accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady* at 757.

**{¶17}** A trial court's ruling on a postsentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 will not be disturbed absent an abuse of discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). An abuse of discretion not merely an error of judgment. *State v. Sullivan*, 2017-Ohio-8937, --- N.E.3d ---, ¶ 20 (3d Dist.). Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious. *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23. When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court. *State v. Thompson*, 2017-Ohio-792, 83 N.E.3d 1108, ¶ 11 (3d Dist.).

Legal Analysis

**{¶18}** At the hearing on Kimpel's motion to withdraw his guilty plea, Kimpel testified that the content of the Auglaize County investigation was different from the other materials he received. Tr. 192-195. He also testified that he would not have pled guilty if he had the contents of this investigation. Tr. 195. However, Rumer testified that the disclosures that the Defense received from the State contained the information that was in the undisclosed Auglaize County report and that Van Fossen's statements in the Auglaize County investigation were consistent with the statements that he had obtained in discovery. Tr. 119. Rumer noted that there were nuanced differences between Van Fossen's accounts, but said that these

differences would go to her credibility and to Kimpel's credibility. Tr. 121. Rumer also testified that his primary concern in advising Kimpel to plead guilty was not the factual strength of the State's case. Doc. 168. Tr. 130. Rather, Rumer was primarily concerned with the political risks of a former Sheriff being tried in Auglaize County on a sexual battery charge filed by a former employee. Doc. 168. Tr. 130. Further, Rumer also said that he would not have changed his advice based upon the information that was in the Auglaize County investigation. Tr. 153.

**{¶19}** After reviewing the information in the record, we find that the trial court's determination was correct. The trial court found that Van Fossen's statements in the Auglaize County investigation were consistent with her prior statements. Doc. 168. Since the Defense was aware of the information obtained through the Auglaize County investigation through different materials contained in other discovery disclosures, the prosecution did not withhold material, exculpatory evidence. Doc. 168. As Rumer testified, this information was substantially duplicative of materials already in the possession of the Defense and would not have changed Rumer's advice to Kimpel. Tr. 153. This duplicative information would not have changed the outcome of this case.

**{¶20}** Further, the information from the Auglaize County investigation, at best, may have been useful in testing Van Fossen's credibility on cross examination. However, under *Brady* and its progeny, the State is not constitutionally required to disclose evidence that might be useful for impeachment purposes at trial while a

plea agreement is being negotiated. *Ruiz, supra*, at 633. In hindsight, Kimpel may wish that he had made a different decision, but he failed to establish that he was unfairly deprived of the opportunity to make an informed decision. For these reasons, we find that no *Brady* violation occurred. Kimpel has not, therefore, carried the burden of establishing a manifest miscarriage of justice. For this reason, Kimpel's first assignment of error is overruled.

*Third Assignment of Error*

**{¶21}** In his third assignment of error, Kimpel makes a second argument against the trial court's decision to deny his motion to withdraw his guilty plea. In its judgment entry, the trial court stated that the plea agreement secured "a significant reduction in the original charges," leading to five of the six charges against Kimpel being dropped. Doc. 168. Kimpel argues that the trial court should have recognized that the five unauthorized use of OHLEG charges were "weak" and that Kimpel only pled guilty because of the risks associated with the sexual battery charge.

Legal Standard

**{¶22}** We herein reincorporate the legal standard set forth under the first assignment of error.

Legal Analysis

**{¶23}** On appeal, Kimpel argues that he pled guilty to one count of unauthorized use of a computer in violation of R.C. 2913.04(B) to avoid the risks

of standing trial on the sexual battery charge against him. This position is supported by Rumer's testimony and the fact that he argued the OHLEG charges were weak in his motion to dismiss prior to his guilty plea. Doc. 52. Tr. 130-131. However, Kimpel did not demonstrate that the undisclosed information in the Auglaize County investigation contained material, exculpatory evidence regarding the sexual battery charge. Thus, he was aware of the relevant circumstances at the time that he made his guilty plea.

**{¶24}** Since he did not establish a *Brady* violation occurred, Kimpel has failed to demonstrate that he was unfairly deprived of the opportunity to assess the risks associated with the sexual battery charge and his decision to plead guilty. Further, we also note that, in this assignment of error, Kimpel merely challenges one of a number of factors on which the trial court based its decision to deny his motion to withdraw. This argument does not establish a manifest miscarriage of justice. For this reason, his third assignment of error is overruled.

*Second Assignment of Error*

**{¶25}** In his second assignment of error, Kimpel challenges the trial court's use of statements he made during a *Garrity* interview. He argues that the trial court based its decision on evidence that it had previously deemed inadmissible and, in so doing, abused its discretion.

Legal Standard

**{¶26}** Under Crim.R. 52(A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). "In most cases, in order to be viewed as 'affecting substantial rights,' 'the error must have been prejudicial.'" (Emphasis sic.) *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7.

Legal Analysis

**{¶27}** In this case, Kimpel was subject to an internal affairs investigation. Ex. F. During an interview as part of this investigation, he made an incriminating statement. Ex. F. However, prior to making this statement, he was given a *Garrity* warning, which advised him that the statements he gave in this interview would not be used against him in a criminal proceeding. Ex. 15. *See Garrity, supra.* On appeal, Kimpel has not identified an instance in which this statement was used during the course of the original action. Rather, he identifies one reference to this incriminating statement in the trial court's ruling on his motion to withdraw his guilty plea. Doc. 168. Thus, this alleged violation is not related to the original guilty plea.

**{¶28}** In this particular case, the use of this particular *Garrity* statement does not affect the disposition of Kimpel's motion to withdraw. In Kimpel's motion to withdraw his guilty plea, he alleges that the State committed a *Brady* violation that

amounts to a miscarriage of justice. If Kimpel's *Garrity* statement is excised from the judgment entry, the trial court's reasoning and determination remains the same because the disposition of this case rests on facts related to the alleged *Brady* violation and not the contents of a *Garrity* interview that was not considered in the original action. The trial court ultimately denied his motion to withdraw because Kimpel failed to establish a manifest injustice occurred. If the trial court erred in referencing this incriminating statement, it was a harmless error because Kimpel did not suffer any prejudice. Thus, Kimpel's third assignment of error is overruled.

*Conclusion*

**{¶29}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Shelby County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**PRESTON and HALL, J.J., concur.**

**** Judge Michael Hall of the Second District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**

**/hls**